a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNOTHAN FIELDS #74421,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-02440<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| 12TH JUDICIAL DISTRICT ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Johnothan Fields ("Fields"). Fields is a pre-trial detainee in the Avoyelles Parish Jail. He clams that his constitutional rights to a Speedy Trial and Due Process have been violated due to the pandemic, and he seeks compensatory damages.

Because Fields's Complaint is duplicative and fails to state a claim for which relief can be granted, it should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Fields alleges that he has been in pre-trial detention an unreasonable amount of time "because of corona." ECF No. 6; *see also* ECF No. 7 ("corona still seems to be the main issue why" Fields's criminal proceeding has been delayed); ECF No. 1 ("Right to Speedy Trial . . . was denied because of the pandemic"). Fields also makes a general claim of misconduct by the prosecutor.

1

II. Law and Analysis

    A. Fields's Complaint is subject to preliminary screening.

Fields is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 9. As a prisoner seeking redress from an officer or employee of a governmental entity, Fields's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Fields's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B.     Fields's fails to state a § 1983 claim.

A pre-trial detainee who challenges his incarceration on speedy trial grounds must raise the claim pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997); *Robinson v. Wade*, 686 F.2d 298, 302–03, 303 n. 8 (5th Cir. 1982)). However, before challenging confinement in federal court, state prisoners must exhaust available state court remedies. *See Dickerson*, 816 F.2d at 224–225; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973).[1]

Moreover, Fields has previously raised this claim, and it was denied and dismissed. *Fields v. Sheriffs Office*, 1:21-CV-195, ECF No. 16. A district court may dismiss a lawsuit as malicious if it arises from the same series of events and alleges many of the same facts as an earlier suit. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Therefore, Fields's claim is also subject to dismissal as duplicative.

---

[1]Louisiana provides remedies to pre-trial detainees who wish to contest the legality of their custody. *See* La. C. Cr. P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. *See* La. C. Cr. P. art. 701. Fields claims that he has filed a request for a speedy trial which has been ignored by the trial court. However, to satisfy the exhaustion requirement, a petitioner must have sought review in all appropriate state courts before filing a lawsuit in federal court.

### C.  Fields cannot recover damages from the named Defendants.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Additionally, prosecutorial officials are immune from damages actions brought for conduct performed in the role of a prosecutor. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Fields seeks monetary damages from Defendants Spruill and Riddle. Fields's complaint about Judge Spruill arises exclusively from the execution of a judicial function. And his complaint about District Attorney Charles Riddle is based on his performance as a prosecutor. Therefore, Fields fails to state a viable claim against either Defendant.

### III.  Conclusion

Because Fields's claim is duplicative, and he fails to state a claim for which relief can be granted, IT IS RECOMMENDED that his Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 23, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE